We'll hear first from the appellant, Mr. White. Let's just wait a second for everybody to get settled. Okay, whenever you're ready. Thank you, Your Honors. Good morning, Your Honors. May it please the Court, my name is Brendan White.  The issue, as the Court is probably aware, is one that has arisen in several other recent cases. Namely, that the District Court, having vacated two counts on a 2255 motion, was obligated under the existing precedent of this circuit to hold a full plenary de novo resentencing. And the Court erred in failing to do so and instead held a limited resentencing, which frankly I don't think is appropriately included under 2255 under any of the four categories. Wait, really? So 2255 says that the Court finds the sentence was imposed was not authorized by law. But there has been such denial and infringement of constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack. The Court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate. So why isn't that provision, to correct the sentence as may appear appropriate, involve something less than a de novo resentencing? Well, two reasons, Your Honor. First, and I owe the Court an apology. I discussed this with my adversary prior to coming up here. In my brief, I had mistakenly referred to what we submit as the controlling case, Quintieri, as a case that arose from a direct appeal. And I believe that that's an error that has been made in several cases. But it became clear to me in reviewing last night that Quintieri actually was a 2255 case. And Quintieri, if you need the citation to the… I have it. 306F3-1217, right? Yes. On approximately the second page. I apologize. I don't have it directly in front of me. The Court does make clear that it arose in the posture of a, say, 2255 motion. Accordingly, Quintieri, which stated a default rule and said where a count has been vacated, or in this case, more than one count has been vacated, there must be a full plenary resentencing because the constellation of counts of conviction has been affected and because the underlying fact, the mosaic of facts may well have been. So can I just ask you how you reconcile that position with 2255B that does seem to say you could vacate and set the judgment aside or resentence him or correct the sentence as may appear appropriate? Doesn't that mean that one option is to do something less than a full de novo resentencing? Well, it establishes an alternative. Either a sentencing which we submit and the law of this circuit dictates must be a full plenary resentencing or under different circumstances, which were not present here apparently, have a correction which courts have made clear is quite distinct from a full resentencing. It's an arithmetical, mechanical correction of the sentence that does not require any proceeding. It does not require the court to hear from the parties. But the court determined here that that was not required, right? So why are you saying that – so what are the circumstances under which district court could do something less than a de novo resentencing and why aren't those circumstances present here? I'm not entirely sure, Your Honor, because here where counts were vacated and a decision was held and a decision was made that a resentencing is required, the only option is a full resentencing. Oh, I see. So what you're saying is that whenever a conviction is vacated, there's going to be a de novo resentencing. And so that provision that says or correct the sentence as may be appropriate is only for cases in which there's some mistake short of – that doesn't lead to the victor of the conviction. Is that right? I know what the statute says, Your Honor. And yes, it's not consistent with the law of this circuit, which is all I can make clear on this. It's obvious that the court – Wait. What's not consistent? The statute is not consistent with the law of this circuit? Or what the district court did here is not consistent? Well, the district court – what the district court did here is not consistent with the law of this circuit. This circuit has made that clear for several decades at this point. And at this point, it's still being cited by this circuit as recently as Mendoza in – I believe it was May. I guess what I'm just not getting is – so the statute says that under the right circumstances, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate. Isn't the statute saying there are circumstances in which the court is going to vacate and set the judgment aside and then also do something less than a full resentencing because it may correct the sentence as may appear appropriate? So I guess my question is doesn't that statute just plainly give the district court the authority to do something less than a full resentencing, even when there's a vacater of a judgment? It gives the district court the alternative between two options, to mechanically correct a mathematical or other error in a sentence, which a couple of the cases cited by the government in their 28J letter yesterday make clear is not a resentencing. It's just a mechanical, arithmetical correction of a sentence. The other option is to hold a resentencing. Can I try – if I'm understanding the way that I think you're harmonizing – trying to harmonize the statute with the case law of this circuit, are you saying that where the error that warrants the 2255 relief is an error in the sentence on account or in the sentence entirety, then correcting the sentence as may appear appropriate is an option in that scenario, but that's not inconsistent with our circuits holding that where the error is actually convictions that need to be vacated, because those convictions are part of the broad mosaic that informed the sentencing on everything, you have to resentence on the remaining counts? Of course that's correct, Your Honor, and the courts of this circuit have made that distinction clear between vacature of a conviction versus an error in sentence that must be corrected and may be corrected via a correction. And you mentioned that this issue has been raised in a number of district courts recently, but also in cases on appeal, and I think that includes United States v. Iyad, right, number 203832, which was argued at the end of October. That's correct. Is that right? That's exactly correct. I would have loved to have been able to cite that case as being in my favor, but it hasn't been decided yet. Yes, so that's pending, and that would affect – Correct, and I understand there are several other cases following the same line of argument. But that's the only one currently pending in our court, is that right? I believe so. There may be another one that was actually argued. I frankly don't think it's been decided. Kenya, which is a little older. Okay. Thank you. Thank you very much. Thank you very much, Mr. White. We'll hear from you again on rebuttal, but let's turn to the appellee, Ms. Kastner. May it please the Court. My name is Jillian Kastner, and I'm an assistant United States attorney in the Eastern District of New York. This Court should affirm the amended judgment because, as has been discussed, Section 2255 authorizes but does not require a district court to hold a de novo resentencing after vacating counts of conviction in response to a habeas petition. Section 2255 specifically says that district courts have the discretion to determine the nature of the relief on collateral review that, quote, may appear appropriate. And Section C provides that a district court can entertain and determine a habeas motion without requiring the production of a prisoner at a hearing. The facts of this case offer a good example of why Congress afforded district courts this discretion and why the district court in this case determined a de novo resentencing was not necessary. Here, counts two and three of the superseding indictment were dismissed for the same reason, because they were charged conspiracies that were lesser included offenses of count one, which charged a continuing criminal enterprise. And therefore, they had to be vacated consistent with the Supreme Court's decision in Rutledge. But the Court and the parties knew this at the original sentencing back in 2014, and the parties agreed and the Court specifically ordered that at least count two would be vacated if count one were upheld on direct appeal, which it was. These steps were undertaken in the interest of judicial economy, and would make no sense at all if every time a lesser included offense were- But still, don't you agree? I mean, we have the language of the statute, as Judge Menachie has pointed out, about as appropriate seeming to confer unlimited discretion on the district court to correct a sentence as it wishes. There may be an alternative interpretation that says we have the discretion to make a ministerial connection, but where, as here, counts of conviction are vacated, the same kinds of policy considerations and concerns that are discussed in the direct appeal context ought to apply, because you still have an anchoring effect, you still have a change in the overall kind of gestalt of the constellation of convictions and the nature of the wrongdoing, the severity of the overall counts of conviction, I suppose, and the conduct. Why don't the exact same policy considerations that require a de novo resentencing in the direct appeal context apply in the 2255? Is finality the only consideration that habeas is different? So, in short, yes, but I would respond that it's not, quote, the only consideration. It's a real significant consideration. The court spent a lot of time discussing why this is so in Cassier v. United States, where it upheld the discretionary concurrent sentence doctrine in the habeas context, even though it's not, you cannot use it on a direct appeal. But aren't concurrent sentences a very specific kind of subset? I mean, if you're talking about four counts of conviction and one is, you know, a 924C conviction that's overturned because the Supreme Court says the predicate's no longer valid, doesn't that really change what the list, what the menu of convicted crimes of conviction is in a substantial way that we can owe it to the individual who was convicted of those offenses to rethink the sentence from ab initio? So this court in Cassier said no. This court said that a district court doesn't even need to address whether or not there's, so in this court in Cassier, the court said that a district court doesn't even need to hear a challenge to a conviction on a collateral review if the defendant is serving an equal or greater sentence on another valid count, which means that this district court didn't even need to hear the challenge to counts two and three under the discretionary concurrent sentence doctrine, which was decided after the court reviewed the habeas. There's also a reason not to vacate the conviction, right? So I guess the question is, once the district court does vacate the conviction, why not do a juror for resentencing? There are real reasons why the court shouldn't. The finality considerations, while they can be brushed aside, are quite significant, and the court spends a lot of time discussing the difference between habeas review and direct appeal in Cassier. First of all, habeas review does, there is a statute that governs, so Congress has spoken as to what the district courts should do. But separately in Cassier, the court noted that direct appeal is a matter of right. A collateral proceeding is intended to challenge a defendant's custody. It's intended to remedy severe restraints on liberty, to correct miscarriages of justice. In a case like this and many others where a district court, at the time of the initial sentencing, has a continuing criminal enterprise charge and underlying counts of conspiracy that everybody knows are lesser included offenses. I want to talk about it at the abstract level, though, because if someone is being incarcerated for something that's no longer a crime because of intervening developments in the law, and that sentence is vacated on 2255, why is an incumbent on the district court, absent a valid, that is concurrent and greater, to take a fresh look? So the district court does take a fresh look when it receives the habeas petition. The Congress indicated that the district court is in the best position to decide if a full de novo resentencing is warranted, given everything the district court knows about the procedural issues in the case and the facts of the case. Does that language preclude us as a court from articulating a standard, saying that in this subset of circumstances where there's a vacator of a particular nature, that is where something's no longer a crime and seemed to have been the primary driving force in the calculation of a sentence, that in that subset, even on habeas review, it is an abuse of discretion to fail to conduct a resentencing? I think that because Congress spoke on this issue, the district courts are vested with the power to determine which factors are the most relevant in its discretion. You're saying we could not create such a rule? I believe the statute precludes the court from articulating a rule that would limit the district court's discretion. The district court can abuse its discretion, right? Yes, the district court could abuse its discretion. So the court could articulate factors that the district court should consider or standards that the district court should adhere to. I think the de novo rule is really the problem. Sorry, the automatic trigger of a de novo resentencing is the issue here. So you're saying that even if we could articulate standards about the district court's exercise of discretion, the statute is just incompatible with the default to a de novo resentencing. Is that right? Yes, Your Honor. That's correct. It sounds like you also have an argument that even if we were to say, well, generally when there's a vacatur of a conviction, the default should be de novo resentencing, you still might say, well, that doesn't apply here because here the vacaturs of the conviction were because it was a lesser included offense of another conviction, the sentence to run concurrently. And so under those circumstances, it doesn't make sense to do a de novo resentencing anyway. So even if generally the district court should, it didn't need to here. Yes. Is that right? Yes. In this particular case, the court, in light of Cassir, which was decided after the district court heard the habeas petition, the court could have just said, I won't address it at all. And I will note Cassir assumes as a premise that the reason that you don't have to the effort of reviewing a challenge to lesser included counts, which have a shorter term of imprisonment, an equal or shorter term of imprisonment attached to them, is because the sentence on the higher count is assumed to remain valid. So just looking at Cassir and seeing the languages, that the court must be able to foresee with reasonable certainty that the defendant will suffer no adverse collateral consequences from the court's decision to leave his conviction and sentence unreviewed. And that suggests to me that in assessing whether the district court had appropriately exercised its discretion, one would look at the full set of circumstances about the nature of the convictions that had been charged and the nature of the convictions that were vacated and its effect on sentence in deciding the proper scope of the district court's discretion. Does that seem fair? I believe that is fair. But I will note that the court in Cassir also made the determination that Cassir would remain imprisoned on his other convictions regardless of how the district court decided the habeas petition. A de novo resentencing is fundamentally incompatible with that because the court would have to review all the charges and the appropriate sentence anew. And so it could impose any sentence consistent with its discretion and the relevance. So actually what would happen on de novo resentencing? You'd have a new PSR? A new PSR. The victims have a right to appear even if it's years after the fact. The defendant often needs to be transported from the facility where he's serving his time, which happened in this case. And the defendant can raise new issues as he's seeking to do here. It opens up. Should the court be entitled to take into account his behavior while incarcerated and the intervening time? The court would, yes, and anything else that the parties. It's a new sentencing. So the finality considerations are quite considerable. Can I ask you about the significance of quintieri? So the briefing treats it as if it was decided on direct appeal, but now we have the suggestion that it was not. Does that matter? Does that mean that we've already decided this question? The court, so to be very clear, quintieri did not decide this question. This court has never decided this question. Quintieri was an appeal of a habeas petition, but it didn't deal with this issue. It was about a double-counting problem. And so quintieri, and the court in quintieri specifically said that the default rule applied on direct appeal. But itself it was a 2255, right? It was a habeas. It was a habeas petition, but there was no conviction that was vacated in that case. So it wasn't deciding this issue. Didn't we say in Gordles, and I'm going back now to the 90s, but didn't we, and I realize it wasn't directly deciding this issue, but there was a long discussion about this notion that habeas review is an acknowledgement that it is. But didn't we say there's no reason why the legal interdependence of sentences under the guidelines should not apply with equal force in the post-conviction relief context as it does in the direct appeal? Is that too old and too dictish for us to guide our decision here? I don't believe Gordles, I don't believe this court in Gordles essentially, I don't believe that's what was said. I believe that Gordles in that discussion of the habeas context versus the appellate context, the direct appeal context, there was a conclusion that there is a difference, but the court really focused on the statute, 2255, and saying the court has discretion. The case stands for the proposition that the court really, the district court, was afforded significant discretion in how to handle a 2255 petition. Okay. Thank you very much, Ms. Kastner. We'll turn it back to Mr. White on rebuttal. Thank you. Thank you, Your Honors. Just with respect to Kassir, whatever one may think of that decision, it doesn't relate to the issue here. It related to a court's decision not to even consider an issue at the 2255 stage. But if the court could have said, you know what, we're not going to bother deciding whether to vacate these convictions because it wouldn't make a difference, if the court can do that, then it seems like sort of functionally hard to distinguish from the court saying we're going to vacate the convictions, but we're not going to change your sentence. It seems that way, Your Honor. However, the decision to actually address it and actually vacate those counts, once those counts have been vacated, Kintieri and its progeny kick in. And at that point, regardless of what a court could do and whatever the finality concerns may be, prior to the merits of a 2255 petition, once that petition has been decided, finality isn't really an issue anymore. And at that point, it's— Finality of the other convictions might be, right? Pardon me, Your Honor. Finality of the other convictions might be. Yeah, yes. That may be. I mean, honestly, I don't know because I don't believe that was an issue that was discussed in Kassir. But nevertheless, I think the logic and just the common sense of Kintieri, Regas, and their progeny— Well, what about this other argument that actually these were lesser-included offenses of count one, and so everybody understood that if count one was upheld, they were going to be vacated. So even under your position, de novo resentencing is a default. It doesn't have to be done in all cases. You don't deny that the statute at least gives discretion to do something else in some cases. Why isn't this such a case? Because in this case, it's not as if the vacater of the convictions was because of some error that affected the whole process. It's something everybody understood from the beginning that these were lesser-included offenses. So why disturb the whole sentence if those then get vacated as everyone expected would happen if count one was upheld? I wasn't there at the initial resentencing or at that stage, so I can't speak for what the thinking was there. I can only speak for— Well, then why don't you treat it as a hypothetical? So if, in fact, the reason that the convictions are vacated is because everybody understood from the beginning that they're lesser-included offenses of another conviction, and if the primary conviction is upheld, everyone understood it was going to be vacated, why isn't that a circumstance in which the district court should not conduct a de novo resentencing because there's no reason to disturb the whole sentence under those circumstances? I just think the overall conceptual theory that no matter what, under any circumstance, when a count is added, when a count is taken away, that that affects the overall gestalt to use— Yeah, but I'm suggesting that actually it doesn't always, right? Maybe it generally does, but if you have a case where the district court is convinced, and we think that the district court was right, that actually this conviction did not change the overall sentence because everybody understood these other convictions to be lesser-included offenses of the conviction that's driving the sentence, that in that kind of a case, those convictions did not affect the overall gestalt of the sentence, and so they can be excised without disturbing the overall sentence. I'd like to see that case. I don't think that's the circumstance here. It's obvious that— So why isn't it? Aren't the reasons the convictions are vacated is because they're lesser-included offenses of continuing criminal enterprise? That is true, but I can't— Again, and I apologize, I know you framed this as hypothetical, but under these particular circumstances, I don't know if I can explain the thinking of the parties. And just to conclude, I do want to make it clear that this is a defendant who has been incarcerated for 10 years. He did raise issues before Judge Matsumoto that were not addressed. He raised them pro se, and the court did not address them. He has been hoping, and he believes, and since they weren't addressed by Judge Matsumoto, I don't think it really can be decided on the existing record, but he believes, and I have reason to believe him, that this would make a difference as to the overall sentence. So he deserves that opportunity to be heard at a full sentence with a full pre-sentence report and all these issues raised as Kintyere, Regas, et cetera, require. Okay, thank you very much. Thank you, Your Honor. The case is submitted.